## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

RODNEY J. ROUSSELL,

Plaintiff,

Case No. **20-01903**

**SECT. T MAG. 2**

COMPLAINT FOR CIVIL
PENALTIES INJUNCTION
AND OTHER RELIEF

v.

My Jewelers Club 7210 Virginia Pkwy # 6673
McKinney TX 75071,
Moc Services LLP 2007 Springcress Dr
Mckinney, Tx 75070,
MAJR Financial 7951 W Mississippi Ave,
Lakewood, Co 80226,
Equifax 1550 Peachtree St NE, Atlanta, GA 30309,
Trans Union 555 W. Adams Chicago, IL 60661-3719,
Marc Chandler 2007 Springcress Dr
Mckinney, Tx 75070, Andrea Patton 7210 Virginia Pkwy
# 6673 McKinney TX 75071, Jewel Penacost
7951 W Mississippi Ave, Lakewood, Co 80226,

Defendants.

## COMPLAINT
### (JURY DEMAND ENDORSED HEREIN)

Now comes Plaintiff, Rodney J. Roussell, Pro se, and for his *Complaint* against Defendants, My Jewelers, MAJR Financial, Equifax Information Services, LLC, Trans Union, and states as follows:

**TENDERED FOR FILING**

**INTRODUCTION**

JUL 06 2020

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

1

1. The computerization of our society has resulted in a revolutionary increase in the accumulation and processing of data concerning individual American citizens. Data technology, whether it is used by businesses, banks, the Internal Revenue Service or other institutions, allows information concerning individual consumers to flow instantaneously to requesting parties. Such timely information is intended to lead to faster and better decision-making by its recipients, and all of society should ultimately benefit from the resulting convenience and efficiency.

2. Unfortunately, however, this information has also become readily available for, and subject to, mishandling and misuse. Individual consumers can sustain substantial damage, both emotionally and economically, whenever inaccurate or fraudulent information is disseminated and/or obtained about them.

3. The ongoing technological advances in the area of data processing have resulted in a boon for the companies that accumulate and sell data concerning individuals' credit histories and other personal information. Such companies are commonly known as consumer reporting agencies ("CRAs").

4. These CRAs sell to readily paying subscribers (*i.e.*, retailers, landlords, lenders, potential employers and similar interested parties) information, commonly called "consumer reports," concerning individuals who may be applying for retail credit, for the lease of an apartment, for a car or mortgage loan, for employment or the like.

5. Since 1970, when Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), federal law has required CRAs to implement and utilize reasonable procedures "to assure maximum possible accuracy" of the personal, private and financial information that they compile and sell about individual consumers.

2

6. One of the primary purposes in requiring CRAs to assure "maximum possible accuracy" of consumer information is to ensure the stability of our banking system:

> The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

*See* 15 U.S.C. § 1681(a)(1).

7. The preservation of one's good name is also at the heart of the FCRA's purposes:

> [W]ith the trend toward computerization of billings and the establishment of all sorts of computerized data banks, the individual is in great danger of having his life and character reduced to impersonal "blips" and key-punch holes in a stolid and unthinking machine which can literally ruin his reputation without cause, and make him unemployable or uninsurable, as well as deny him the opportunity to obtain a mortgage to buy a home. *We are not nearly as much concerned over the possible mistaken turn-down of a consumer for a luxury item as we are over the possible destruction of his good name without his knowledge and without reason. [A]s Shakespeare said, the loss of one's good name is beyond price and makes one poor indeed* (emphasis added).

*Bryant v. TRW, Inc.*, 689 F.2d 72, 79 (6th Cir. 1982) [quoting 116 Cong. Rec. 36570 (1970)].

8. To further the primary goal of greater accuracy, the FCRA has also required CRAs, as well as "furnishers" of credit information to the CRAs, to conduct "reasonable investigations" into bona fide disputes sent to CRAs by consumers claiming to have inaccurate or incomplete information appearing in their credit files, to correct or update any such errors or omissions, and to report back to the consumer the results of the investigation.

9. This action seeks compensatory, statutory, and punitive damages, costs for Plaintiff, Rodney J. Roussell, against Defendants, My Jewelers, MAJR, Equifax, Trans Union, and for their willful and/or negligent violations of the Fair Credit Reporting Act, as described herein.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1681*p*. Venue in this judicial district is proper because Plaintiff resides in this judicial district and many of the facts relevant to this *Complaint* occurred in this judicial district.

## PARTIES

11. Plaintiff, Rodney J. Roussell, is an adult individual presently residing in Louisiana. Plaintiff is a "consumer" as defined in Section 1681*a*(c) of the FCRA.

12. Defendant My Jewelers is a is a limited liability company doing business throughout the country and in the State of Louisiana selling delicate jewellery.

13. Defendant, Equifax, is a limited liability company doing business throughout the country and in the State of Louisiana. Equifax is a "consumer reporting agency" as defined in Section 1681*a*(f) the FCRA.

14. Defendant, Trans Union, is a limited liability company doing business throughout the country and in the State of Louisiana. Trans Union is a "consumer reporting agency" as defined in Section 1681*a*(f) the FCRA.

15. Defendant, MAJR, is an independently owned, Financial institution and Lender headquartered in W Mississippi Ave, Lakewood. MAJR is a "furnisher" of consumer credit information as that term is used in Section 1681*s*-2 of the FCRA.

## FACTUAL ALLEGATIONS

16. Plaintiff takes great pride in his good name and established credit rating, so he works hard to ensure that his bills are paid in-full and on-time every month. As such, Plaintiff believes and understands that his credit record with all of his creditors is excellent.

17. In April 2018, MAJR illegally issued the credit card in Plaintiff's name to his former address. Plaintiff discovered the Identity Theft in December of 2019 who opened an account with My Jewelers impersonating as Plaintiff fraudulently and My Jewelers opened a credit account without doing necessary investigation with respect to the Identity of account holder. Plaintiff immediately notified My Jewelers, the credit bureaus and MAJR. However, My Jewelers and MAJR illegally verified with the credit bureaus that the account belonged to Plaintiff.

18. Plaintiff contacted My Jewelers and MAJR and sent them with sufficient evidence proving his identity and the existence of Identity Theft, moreover, Plaintiff proved that the account did not belong to him. See Exhibit A.

19. My Jewelers and MAJR failed to respond to Plaintiff's complaint and failed to initiate investigation for the redressal of the Plaintiff's grievance contrary to the Law. Even after several months My Jewelers MAJR failed to remove the fraudulent account and account in question is still reporting on Plaintiffs' profile till date.

20. Instead of resolving the issue My Jewelers and MAJR exacerbated by denying Plaintiff's fraud dispute with the credit bureaus. Since then, Plaintiff has continued to bear the financial burden of an account that was illegally opened by their company because of their fraudulent, erroneous and unfair credit reporting.

**COUNT ONE**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b), 15 U.S.C. § 1681i(a)(1) and 15 U.S.C. § 1681s-2(b)(1)**

21. Plaintiff hereby incorporates by reference all well-pleaded allegations contained in the preceding paragraphs as if fully rewritten herein.

22. A "consumer reporting agency" is defined by the FCRA as follows:

> Any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. 15 U.S.C. § 1681a(f).

23. Equifax is a "consumer reporting agency" as defined by the FCRA.

24. Trans Union is a "consumer reporting agency" as defined by the FCRA.

25. MAJR is a "furnisher" as that term is used in Section 1681s-2 of the FCRA.

26. My Jewelers is a "furnisher" as that term is used in Section 1681s-2 of the FCRA.

27. Section 1681n of the FCRA imposes civil liability on any CRA or furnisher "who willfully fails to comply with any requirement" of the Act. *See* 15 U.S.C. § 1681n(a).

28. Section 1681o of the FCRA provides for civil liability against any CRA or furnisher which is negligent in failing to comply with any requirement imposed under the Act.

**Equifax's/Trans Union Failure To Adopt and/or Follow Reasonable Procedures**

29. The FCRA mandates that "whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

30. On numerous occasions, Equifax/Trans Union have prepared a patently false consumer report concerning Plaintiff. Despite actual and implied knowledge that account did not belong to the Plaintiff, Equifax/Trans Union readily sold such false reports to one or more third party, thereby misrepresenting Plaintiff, and ultimately, Plaintiff's creditworthiness.

31. On each such instance, Equifax/Trans Union willfully and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published pertaining to Plaintiff, in violation of Section 1681e(b).

6

32. Through Plaintiff's communications with Equifax/Trans Union, knows, or had sufficient reason to know, that when it prepares and sells a consumer report about Plaintiff, the information it is circulating is extremely inaccurate and damaging to Plaintiff. Nevertheless, Equifax/Trans Union has taken no measures to stop painting a false and damaging picture about Plaintiff.

33. Plaintiff has suffered out-of-pocket loss as a result of Equifax/Trans Union willful and/or negligent violations of the FCRA including, without limitation, the premiums Plaintiff must spend for a credit monitoring service.

34. Plaintiff is not currently free to take advantage of various credit opportunities available to other consumers because of Equifax/Trans Union failure to report only accurate information about him.

35. As a direct and proximate result of Equifax/Trans Union willful and/or negligent refusal to follow reasonable procedures to assure "maximum possible accuracy" as specifically mandated by the FCRA, Plaintiff has suffered loss and damage including, but not limited to: economic loss due, loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

36. Upon information and belief, Equifax/Trans Union have exhibited a pattern of refusing to follow reasonable procedures as mandated by the FCRA, ultimately valuing its own bottom line above its "grave responsibility" to report accurate data on consumers.

37. Equifax/Trans Union pattern of refusal to follow reasonable procedures as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by

7

Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, entitling Plaintiff to statutory damages, punitive damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(2).

### Equifax/Trans Union Failure To Conduct Reasonable Reinvestigations

38. The FCRA mandates that a CRA conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681i(a)(1). The Act imposes a 30-day time limitation for the completion of such an investigation. *Id.*

39. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

40. On multiple occasions in 2019, Plaintiff initiated disputes with Equifax/Trans Union requesting that they correct and/or delete a specific item in his credit file that is patently inaccurate, misleading and highly damaging to him, namely, references to fraudulent account and Identity Theft with MAJR.

41. Plaintiff specifically advised Equifax/Trans Union on numerous occasions that a mistake had been made, provided all necessary information to Equifax/Trans Union to support same, and requested the MAJR be corrected accordingly, *i.e.*, any references to the fraudulent account and Identity Theft.

8

42. Either Equifax/Trans Union conducted *no* investigation of Plaintiff's disputes, or such "investigations" were so shoddy as to allow objectively false and highly damaging information to remain in Plaintiff's credit file.

43. By failing to conduct a reasonable investigation into Plaintiff's disputes in this regard, Equifax/Trans Union willfully and/or negligently violated 15 U.S.C. § 1681*i*(a)(1) with respect to each dispute lodged by Plaintiff.

44. As a direct and proximate result of Equifax/Trans Union repeated disregard for each of Plaintiff's disputes as outlined above, Plaintiff has suffered a significant loss of trust in the credit reporting system and its accountability to the average consumer.

45. As a direct and proximate result of Equifax/Trans Union willful and/or negligent refusal to conduct reasonable investigations as mandated by the FCRA as outlined above, Plaintiff has suffered loss and damage including, but not limited to: economic loss refinancing, loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, fees together with the costs of this action pursuant to 15 U.S.C. § 1681*o*.

### My Jewelers/MAJR Failure to Conduct Reasonable Reinvestigations

46. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information reported about them, *to wit*:

> After receiving notice pursuant to section 611(a)(2) [§ 1681*i*] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall:
>
> (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681*i*]; (C) report the results of the investigation to the consumer reporting

9

      agency; (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

      (i) modify that item of information;
      (ii) delete that item of information; or
      (iii) permanently block the reporting of that item of information.

*See* 15 U.S.C. § 1681s-2(b)(1).

47. On or around December 2019, Plaintiff contacted Equifax/Trans Union to dispute the accuracy of the information being reported about him including Identity Theft and fraudulent account.

48. Upon information and belief, pursuant to 15 U.S.C. § 1681*i*(a)(2), My Jewelers and MAJR received notification of this dispute from Equifax/Trans Union.

49. By the time My Jewelers and MAJR received this credit bureau dispute, My Jewelers and MAJR had already been contacted on numerous occasions by Plaintiff, advising My Jewelers and MAJR that fraudulent account has been opened as a result of Identity Theft and Equifax/Trans Union credit report was reflecting inaccurate information.

50. My Jewelers and MAJR failed to conduct a reasonable investigation into the accuracy of information related to the disputed trade line, in violation of Section 1681s-2(b)(1).

51. Notwithstanding My Jewelers and MAJR's actual knowledge that Plaintiff reported Identity Theft and issued an illegal credit card on a fraudulent account, My Jewelers and MAJR's failure to conduct a reasonable investigation of the accuracy of its reporting of this adverse information shows a reckless disregard for Plaintiff's rights under the FCRA.

10

52. In addition to the violation as described above, My Jewelers and MAJR failed to satisfy its duty under Section 1681$s$-2(b) of updating incomplete or inaccurate information it had previously reported to CRAs upon receipt of each notice from Equifax/Trans Union that Plaintiff disputed the accuracy of the previously reported information.

53. My Jewelers and MAJR's failure to report that Plaintiff disputed the accuracy of the information was a failure to accurately update the information because it was "misleading in such a way and to such an extent that it [could] be expected to have an adverse effect" on Plaintiff. *Gorman v. Wolpoff & Abramson, LLP, et al.*, 584 F.3d 1147 (9th Cir. 2009); *See also Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142 (4th Cir. 2008).

54. As a direct and proximate result of My Jewelers and MAJR's willful and/or negligent refusal to comply with the FCRA as outlined above, Plaintiff has suffered substantial loss and damage including, but not limited to: economic loss, loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681$o$.

55. My Jewelers and MAJR complete and utter indifference as to its obligations under the FCRA reveals a conscious disregard of the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of punitive damages against MAJR, pursuant to 15 U.S.C. § 1681$n$(a)(2).

**WHEREFORE**, Plaintiff, Rodney J. Roussell, respectfully prays this Court for the following relief:

    A) Actual damages in an amount to be proved at trial;

B) Punitive damages as provided for by 15 U.S.C. § 1681n(2) in the amount of $500,000.00

C) Statutory damages as provided for by 15 U.S.C. § 1681n(2) in the amount of $500,000.00

D) Costs fees as provided for by 15 U.S.C. § 1681n(3) and 15 U.S.C. § 1681o(2)

E) Enter a Judgment in favour of Plaintiff and against the Defendant;

F) Enter a permanent Injunction to prevent violation of the FRCA and inaccurate credit reporting; and,

G) Such other and further relief as this Court deems just and proper.

Dated: July 3, 2020

*/s/ Rodney J Roussell*

Rodney Roussell in pro se

176 Rosalie Dr Apt C
Westwego, LA 70094
(504) 810-0717
mcshakielive@gmail.com

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable in this lawsuit. Dated this 3rd day of July 2020

*/s/ Rodney J Roussell*

Rodney Roussell

12

## LAEDdb_Intake_Fax

**From:** NIPTfax@ao.uscourts.gov
**Sent:** Friday, July 3, 2020 2:56 PM
**To:** LAEDdb_Intake_Fax
**Subject:** Fax Received from CSID: 5044591458 - Pages received: 16
**Attachments:** 965D82C9-2DEB-4C45-A73C-ECE900FA001A-81130-IF.pdf

```
Pages Received    : 16
Time Received     : Friday, July 3, 2020 at 2:55:56 PM Central Daylight Time
Duration          : 539
Remote CSID       : 5044591458
DID               : 5043108159
```

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| July 3, 2020 at 2:55:56 PM CDT | 5044591458 | 539 | 16 | Received |

Jul 03, 2020 02:47 PM To: 15043108159 Page 1/16 From: Sip Cosmetics LLC Fax: 5044591458

|  | Rodney Roussell<br>111 Georgetown Ln<br>Belle Rose, LA 70341<br>Tel: 504-300-9427 Fax: 504-459-1458 | **Fax** |
|---|---|---|

**To:** Clerk Of Court

**From:** Rodney Roussell

**Fax:** 1-504-310-8159

**Date:** Jul 03/20 02:44 PM

**Organization:** US DIST COURT EDLA

**Subject:** RE PLEASE FILE

---

I am a pro se plaintiff and I wish to have this filed in the court. Attached are is my application to proceed without prepayment of cost, my civil cover sheet and my complaint.

Please have a case number assigned so that I might serve the defendants.

If you have any other questions please do not hesitate to contact me.

Thank you.

```
** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

TIME RECEIVED                      REMOTE CSID         DURATION    PAGES   STATUS
July 3, 2020 at 2:53:55 PM CDT     5044591458          539         16      Received
```
Jul 03, 2020 02:47 PM   To: 18043108159   Page 1/16   From: Sip Cosmetics LLC   Fax: 6044591458

Rodney Roussell
111 Georgetown Ln
Belle Rose, LA 70341
Tel: 504-300-9427 Fax: 504-459-1458

# Fax

**To:** Clerk Of Court

**Fax:** 1-504-310-8159

**Organization:** US DIST COURT EDLA

**Subject:** RE PLEASE FILE

**From:** Rodney Roussell

**Date:** Jul 03/20 02:44 PM

I am a pro se plaintiff and I wish to have this filed in the court. Attached are is my application to proceed without prepayment of cost, my civil cover sheet and my complaint.

Please have a case number assigned so that I might serve the defendants.

If you have any other questions please do not hesitate to contact me.

Thank you.